IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-00400-01-CR-W-DW |
| ) | |
| MANUEL GARCIA, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

On October 25, 2013, a Criminal Complaint was filed against defendant Manuel Garcia. On November 15, 2013, the Grand Jury returned a two-count indictment against defendant Garcia. Count One of the Indictment charges that on October 15, 2013, defendant Garcia, knowingly and with intent to extort money, made a telephone call to the Alcohol, Tobacco and Firearms Joint Support Operations Center in Washington, D.C., that contained a threat to contaminate the public water supplies of Kansas City and St. Louis, Missouri, and Wichita and Topeka, Kansas, and injure the customers thereof. Count Two charges that on October 22, 2013, defendant Garcia engaged in conduct intended to convey false and misleading information, specifically, defendant falsely stated that four persons possessed four fifty-five gallon tanks containing a substance that would pollute the water supplies of Kansas City and St. Louis, Missouri, and Wichita and Topeka, Kansas, and injure the customers thereof.

On November 25, 2013, defense counsel filed a Motion for Determination of Competency requesting that defendant Garcia undergo an examination and that a report be filed with the Court concerning defendant's mental ability to understand the proceedings presently pending against him, and to properly assist his counsel in his own defense. On December 3,

2013, the Court ordered that defendant undergo a psychiatric examination.

Defendant Garcia was examined at the Federal Correctional Institution in Fort Worth, Texas. On March 24, 2014, a Psychological Evaluation was filed with the Court. The Psychological Evaluation was prepared by Lisa Bellah, Ph.D., Licensed Psychologist, and reviewed by Randall Rattan, Ph.D., ABPP, Licensed Psychologist. The report provided in part:

**Competency to Stand Trial**

Competence to stand trial was assessed by a review of clinical interviews, behavioral observations, and participation in legal focused interviews. Results indicated he is competent to proceed.

Mr. Garcia displayed a sufficient factual understanding of the legal proceedings. He reported a good understanding of his charges and the severity of these charges. He was also able to recall, in detail, the events leading up to his previous conviction in 2010. He was able to describe a basic understanding of the role of the Judge, jury, witnesses, prosecution, and of his counsel and appeared to benefit from being provided competency-related information.

He showed a sufficient rational understanding of the legal proceedings. For example, the defendant was able to identify the benefits and dangers associated with testifying. He was able to state an awareness of the dangers associated with speaking to the prosecution without the presence of his counsel. Mr. Garcia described realistic thought processes regarding possible outcomes in this matter, offering no evidence of irrationality due to mental disease or defect regarding "best," "worst" and "most likely" outcomes in this case. He was able to offer a basic understanding of plea bargains and was also able to benefit from education regarding these matters. He showed no influence of psychosis and/or self-defeating motivation as it related to his decision-making.

Mr. Garcia did not present with overt problems regarding his current ability to properly assist counsel. He reported that his current attorney also assisted with his defense on his 2010 charges. He reported a positive appraisal of counsel and stated, "I think she did a good job on the last case." When asked his expectations of counsel, he stated, "I want her to investigate the things that I tell her to show that I was not trying to perform a hoax or extort anything from anyone." Mr. Garcia reported that he communicates with his attorney in English, but denied having any difficulty understanding the information that is discussed or conversing with counsel. He described a process to address potential differences in opinion with counsel that was not remarkable for psychotic thinking and/or a

self-defeating motivation. The defendant was able to assist counsel by apparent intact memory for the alleged offense behavior, offering a detailed description of the alleged offense conduct. He also offered considerable information regarding the alleged offense that he considered was in mitigation of his charges. His report of the offense and description of self-perceived mitigating circumstances was notable for its correspondence to records and was free from overt psychosis.

* * *

**Opinion on Competency**

The defendant does not currently appear to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

(Doc #21 at 6-7 and 8)

On April 1, 2014, a hearing was held before the undersigned with respect to defendant's competency to stand trial. The parties stipulated to the Psychological Evaluation. No other evidence was offered on the issue of defendant's competency to stand trial.

The only evidence before the Court on the issue of defendant's competency is the Psychological Evaluation (doc #21) filed on March 24, 2014. As set forth above, Dr. Bellah found that "[t]he defendant does not currently appear to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." (Doc #21 at 8)

Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Manuel Garcia is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense.

Counsel are reminded they have fourteen days from the date of this Report and

Recommendation within which to file and serve objections. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

              */s/ Sarah W. Hays*
              SARAH W. HAYS
           UNITED STATES MAGISTRATE JUDGE